**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAMELA DRAWSAND,

    Plaintiff,

v.

CHRISTOPHER CUTONELLI, CHRISTOPHER CHEN, BEVERLY DANIELS-GREENBERG, ALAMEDA COUNTY BOARD OF SUPERVISORS, ALAMEDA COUNTY DISTRICT ATTORNEY'S OFFICE, ALAMEDA COUNTY SHERIFFS' DEPARTMENT, and DOES 1–7,

    Defendants,
                                               /

No. C 13-00410 WHA

**ORDER DENYING MOTION TO SET ASIDE JUDGMENT**

## INTRODUCTION

In this 42 U.S.C. 1983 action, plaintiff files a motion to set aside the judgment entered against her, following dismissal of the action for failure to prosecute. For the reasons stated below, her motion is **DENIED**.

## STATEMENT

Pro se plaintiff Pamela Drawsand filed a complaint against several Alameda County entities and officials alleging various civil rights violations. She concurrently filed an application to proceed in forma pauperis. Upon review of the application, an order issued on February 20, 2013, dismissing her complaint for failure to state a claim and denying her application as moot. That order was mailed to plaintiff on February 21, and allowed her to seek

leave to file an amended complaint by March 13. Plaintiff failed to do so. Accordingly, by order dated March 25, plaintiff's action was dismissed for failure to prosecute, and judgment was entered against plaintiff. On April 17, plaintiff filed the instant motion to set aside the judgment. She simultaneously filed an appeal with our court of appeals. Her appeal was held in abeyance, pending resolution of the instant motion.

**ANALYSIS**

FRCP 60 allows courts to set aside judgment under six grounds, just two of which may be relevant here. "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . [or] (6) any other reason that justifies relief." FRCP 60(b)(1), (b)(6). The Supreme Court, however, has noted that when parties are "faultless," and circumstances like "incarceration, ill health, and other factors beyond . . . reasonable control" prevent them from making timely filings, they cannot seek relief under FRCP 60(b)(1), and must seek relief under FRCP 60(b)(6). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). "To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Ibid*. (citations omitted). Furthermore, our court of appeals has noted that "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

According to plaintiff, she was unable to meet the March 13 deadline to seek leave to amend because she was sick and a victim of computer hacking. If true, this places her under FRCP 60(b)(6), as circumstances beyond her control prevented her from meeting the deadline, and not her own negligence. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 393. This order, however, cannot find that she has shown the extraordinary circumstances warranting relief under FRCP 60(b)(6).

Plaintiff claims she contracted a bacterial infection from a restaurant the same day an order dismissed her complaint and application to proceed in forma pauperis (April 20). She appends a copy of a discharge note for an emergency room visit nineteen days later.

2

According to the note, she had a "possible infection" and was discharged the same day she visited the hospital (March 9). The note makes no mention of what the cause for the possible infection could have been, and does not impose any "activity restrictions" upon her. Therefore, this order finds that her illness does not constitute an extraordinary circumstance.

Plaintiff also claims she filed a police report regarding the alleged computer hacking on the same day she visited the emergency room (March 9). Her motion states that she appended the police report, but she did not. Nor does plaintiff provide any specific details or sworn statement setting forth when the hacking occurred and what effect it had on her ability to comply with the order dated April 20. This order then, cannot find when this alleged hacking occurred, or that she actually filed a police report the same day she visited the emergency room. Therefore, the alleged hacking cannot comprise an extraordinary circumstance either.

## CONCLUSION

Plaintiff's motion to set aside judgment is **DENIED**. This order reminds plaintiff that this Court waited twelve days after the deadline to dismiss her complaint for failure to prosecute (March 25). Furthermore, plaintiff's original complaint failed to state a claim and her instant motion makes no effort to explain how or why any amended complaint could cure the defects. In her original complaint, plaintiff essentially alleged that an Alameda County deputy sheriff demanded plaintiff "stay" and also asked to see the latter's driver's license. As this court observed in the order dismissing the complaint, "[n]ot even the most generous reading of the complaint reveals a claim on which relief may be granted" (Dkt. No. 9). Finally, this order also reminds plaintiff that pursuant to an order from our court of appeals dated April 23, plaintiff shall — within five days of this ruling — "notify [our court of appeals] in writing of the ruling and shall advise whether [she] intends to prosecute [the] appeal."

**IT IS SO ORDERED.**

Dated: May 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3